Brad A. Denton, #016454
Brad@DentonPeterson.com
Timothy F. Coons, #031208
Timothy@DentonPeterson.com

**DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Alex Heinz**, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**Infusion Software Inc.**, an Arizona corporation, **Clate Mask and Charisse Mask**, a married couple; **Scott Martineau and Andee Martineau**, a married couple; **Curtis Smith and Jane Doe Smith**, a married couple; **Hal Halladay and Gina Caldwell Halladay**, a married couple; **Keith Reed and Jane Doe Reed**, a married couple;<br><br>Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Alex Heinz, individually, and on behalf of all other persons similarly situated who are current or former inside sales employees of Defendants (referred to as the "Collective Members") alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff and the Collective Members bring this action under the Fair Labor Standards Act, 29, U.S.C. § 201-219 (hereinafter "FLSA") to recover unpaid overtime at the rate of one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours in a given workweek.

1

# PARTIES

2. At all relevant times alleged herein, Plaintiff resided in the State of Arizona in Maricopa County.

3. Plaintiff brings this case on behalf of himself and the Collective Members.

4. Infusion Software Inc. ("Infusionsoft") is an Delaware corporation doing business in Arizona and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d) and upon information and believe, was and is an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.00.

5. Clate Mask is an owner of and Chief Executive Officer for Infusionsoft and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Mask is subject to individual liability under the FLSA.

6. Any action taken by Clate Mask or Charisse Mask was done for the benefit of their marital community and therefore, Charisse Mask is added for that purpose.

7. Scott Martineau is an owner of and Chief Customer Officer for Infusionsoft and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Martineau is subject to individual liability under the FLSA.

8. Any action taken by Mr. Martineau or Andee Martineau was done for the benefit of their marital community and therefore, Andee Martineau is added for that purpose.

9. Curtis Smith is the Chief Financial Officer for Infusionsoft and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Smith is subject to individual liability under the FLSA.

10. Any action taken by Curtis Smith or Jane Doe Smith was done for the benefit of their marital community and therefore, Jane Doe Smith is added for that purpose.

11. Hal Halladay is the Chief People Officer for Infusionsoft and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Halladay is subject to individual liability under the FLSA.

12. Any action taken by Hal Halladay or Gina Caldwell Halladay was done for the benefit of their marital community and therefore, Gina Caldwell Halladay is added for that purpose.

13. Keith Reed is the Chief Revenue Officer for Infusionsoft and was at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d), and as such, Mr. Reed is subject to individual liability under the FLSA.

14. Any action taken by Keith Reed or Jane Doe Reed was done for the benefit of their marital community and therefore, Jane Doe Reed is added for that purpose.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) and (d) because acts giving rise to the claims of the Plaintiff and the Collective Members occurred within the District of Arizona, and Infusionsoft regularly conducted business in and have engaged in the wrongful conduct alleged herein and the individually named Defendants performed their work for Infusionsoft in Maricopa County Arizona, and thus, are subject to personal jurisdiction in this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representative of the Collective Members who are current or former inside sales employees of Infusionsoft who were/are not paid appropriate overtime for all time worked in excess of forty (40) hours per workweek that the Defendants suffered or permitted them to work, in violation of 29 U.S.C. § 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

18. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

19. Defendants' unlawful conduct has been widespread, repeated, and consistent.

20. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Infusion from July 2016 through July 2017.

22. Plaintiff's job duties involved dialing and receiving calls from potential customers in an effort to sell Infusionsoft's products and services.

23. Plaintiff routinely worked with knowledge of the Defendants, and often at the request of the Defendants, in excess of 40 hours per week during his tenure at Infusionsoft.

24. The Defendants did not track the hours worked by Plaintiff or the Collective Members.

25. Plaintiff and Collective Members were not paid the one-and-one-half times their regular rate as required under the FLSA for hours worked over 40 in a workweek.

26. For example, during the workweek of October 10, 2016, Plaintiff worked approximately 65 hours and only received his regular weekly rate of pay plus commissions. Plaintiff was not compensated at one-and-one-half times his regular rate of pay for the 25 hours of overtime he worked that week.

27. Defendants knew that – or acted with reckless disregard as to whether – a failure to pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate the FLSA. As such Defendants' conduct constitutes a willful violation of the FLSA.

28. Due to Defendants illegal wage practices, Plaintiff and the Collective Members are entitled to recover compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

…//…

## COUNT ONE

**FAILURE AND/OR REFUSAL TO PAY OVERTIME – 29 U.S.C. §§ 201** *et seq.*

*All Defendants*

29. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

30. While employed by Defendants, Plaintiff and the Collective Members routinely worked over forty hours in a work week for Defendants and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for such time.

31. Defendants actions constitute a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

32. Defendants knew or acted with reckless disregard as to whether refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA overtime requirements during Plaintiff and the Collective Members employment. As such, Defendants conduct constitutes a willful violation of the FLSA.

33. As a result, Plaintiff and the Collective Members are entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216.

## COUNT TWO

**WRONGFULLY WITHHELD WAGES – A.R.S. §§ 23-350** *et seq.*

*Defendant Infusion Software Inc.*

34. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

35. Infusion Software Inc. failed to pay Plaintiff and the Collective Members overtime wages under the FLSA as they were earned.

36. This constitutes a compensable wage.

37. Infusion Software Inc. wrongfully withheld these compensable wages from Plaintiff and the Collective Members in violation of A.R.S. § 23-352.

38. Because Infusion Software Inc. wrongfully withheld compensable wages from Plaintiff, the Plaintiff is entitled to recover treble damages pursuant to A.R.S. § 23-355 in an amount to be proven in trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of the Collective Members, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 28 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

C. For the Court to award overtime compensation in the amount due to him for all of Plaintiff's time worked without receiving overtime;

D. For the Court to award liquidated damages in an amount equal to the overtime;

E. For the Court to award treble damages for wrongfully withheld wages against Defendant Infusion Software Inc.;

F. For the Court to award prejudgment and post-judgment interest;

G. For the Court to award Plaintiff's and Collective Members reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

6

H.  For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for all the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

I.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Collective Members hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 1st day of September 2017.

**DENTON PETERSON, P.C.**

/s/  Timothy F. Coons
Brad A. Denton
Timothy F. Coons
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorney for Plaintiffs*